# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 13-721V
(not to be published)

```
* * * * * * * * * * * * * * * * * * * * * * * * *
                                    *
TODD CHYNOWETH,                     *    Special Master Corcoran
                                    *
                                    *
              Petitioner,           *    Filed: October 30, 2017
                                    *
      v.                            *    Decision; Attorney's Fees and Costs.
                                    *
                                    *
SECRETARY OF HEALTH AND             *
HUMAN SERVICES,                     *
                                    *
              Respondent.           *
                                    *
* * * * * * * * * * * * * * * * * * * * * * * * *
```

*Ramon Rodriguez, III*, Sands Anderson PC, Richmond, VA, for Petitioner.

*Justine E. Walters*, U. S. Dep't of Justice, Washington, DC, for Respondent.

### DECISION GRANTING IN PART ATTORNEY'S FEES AND COSTS [1]

On September 24, 2013, Todd Chynoweth filed a petition seeking compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program"), alleging that he suffered from several injuries, including convergence insufficiency, vertical heterophoria, cognitive difficulties, vertigo, and weakness, as a result of his September 24, 2010, receipt of the

---

[1] Although this Decision has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims's website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). **This means the decision will be available to anyone with access to the internet.** As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the published decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole decision will be available to the public in its present form. *Id.*

influenza ("flu") vaccine.[2] The parties eventually filed a stipulation for damages on February 16, 2017 (ECF No. 48), amounting to a lump sum of $150,000.00, which I adopted as my decision awarding damages that same day. ECF No. 49.

Petitioner has now filed a motion requesting final attorney's fees and costs, dated September 29, 2017. *See* ECF No. 57 ("Fees App."). Petitioner requests reimbursement of attorney's fees and costs in the total amount of $89,748.38 (representing $61,158.00 in attorney's fees, plus $28,590.38 in costs). *Id*. In addition, and in accordance with General Order No. 9, Petitioner represents that he incurred $505.75 of separate personal litigation expenses in conjunction with this proceeding. Ex. 80 (ECF No. 57-3). Respondent reacted on October 6, 2017, stating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring to my discretion the determination of the amount to be awarded. ECF No. 58.

For the reasons below, I hereby **GRANT IN PART** Petitioner's Motion, awarding final attorney's fees and costs in to total amount of **$85,398.38** (representing $61,158.00 in attorney's fees plus $24,240.38 in costs). Petitioner's individual expenses incurred ($505.75) will also be awarded.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs to successful litigants. Section 15(e). An attorney's reasonable hourly rate is determined by the "forum rule," which bases the award on rates paid to similarly qualified attorneys in the forum in which the relevant court sits (Washington, DC, for Vaccine Act cases), *except* where an attorney's work was not performed in the forum and there is a substantial difference in rates. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1348 (Fed. Cir. 2008). The hourly rate ranges for attorneys of different levels of experience who are entitled to the forum rate in Vaccine Program cases are set forth in *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).[3]

Though Respondent has not lodged an objection to the sum requested, special masters have

---

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

[3] The *McCulloch* forum rate ranges have been compiled into a list and posted to the Vaccine Claims section of the United States Court of Federal Claims website. This forum hourly rate fee schedule can be accessed at: http://www.uscfc.uscourts.gov/vaccine-programoffice-special-masters ("OSM Hourly Rate Chart").

discretion to determine the reasonableness of a fees award sua sponte. *Sabella v. Sec'y of Health & Human Servs.*, 96 Fed. Cl. 201, 208-09 (2009); *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (1992), *aff'd*, 33 F.3d 1375 (Fed. Cir. 1994). Here, I find some adjustment to the requested amount is warranted.

I.      Attorney Fees to be Awarded

Petitioner requests reimbursement for the work performed by her attorney, Mr. Ramon Rodriguez at the following rates: $311 per hour for 2011 work; $335 per hour for 2013 work; $348 per hour for 2014 work; $361 per hour for 2015 work; $375 per hour for 2016 work; and $383 per hour for 2017 work. Fees App. at 6-7. Mr. Rodriguez has previously received forum rates.[4] *See, e.g., Musto v. Sec'y of Health & Human Servs.*, No. 11-801V, 2017 WL 1150797 (Fed. Cl. Spec. Mstr. Mar. 2, 2017); *Zdroik v. Sec'y of Health & Human Servs.*, No. 15-468V, 2017 WL 767852, at *2 (Fed. Cl. Spec. Mstr. Feb. 3, 2017). These rates are also consistent with my previous determinations and those of other special masters. *See, e.g., Eberhart v. Sec'y of Health & Human Servs.*, No. 16-169, 2017 WL 3623724, at *2 (Fed. Cl. Spec. Mstr. July 13, 2017); *Musto*, 2017 WL 1150797, at *1 n.6; *Zdroik*, 2017 WL 767852, at *2. Therefore, it is appropriate to apply the *McCulloch* forum rate ranges to their work here.

The hourly rates requested for Mr. Rodriguez properly fall in the rate ranges for someone with his years of experience (15). *See* Affidavit, filed as Ex. 84 (ECF No. 57-7) at 2. In addition, he has been a board certified physician since 1994. *Id.* at 1. At his former firm, Mr. Rodriguez served as a principal in its Vaccine Injury Practice Group, as well as a guest lecturer for the American Association of Justice. *Id.* at 2-4. Mr. Rodriguez's requested rate of $383 per hour for 2017 work is also within the range that applies to someone with his comparable experience. *See McCulloch*, 2015 WL 5634323, at *19; OSM Hourly Rate Chart 2017. Thus, the requested hourly rates for Mr. Rodriquez are appropriate and will not be adjusted.[5]

Petitioner also requests payment for paralegal work at hourly rates ranging from $117 to $145 per hour for work performed from 2011-2017. Fees App. at 6-7. The requested rates are

---

[4] Mr. Rodriguez completed the majority of work on this matter while employed at the Richmond, VA office of RawlsMcNelis. However, during July 2017, Mr. Rodriguez transitioned to a new law firm, Sands Anderson PC, also located in Richmond, VA. Fees App. at 4-5.

[5] Mr. Rodriguez stated that he derived his 2011, 2013, and 2014 rates ($311 per hour, $335 per hour, and $348 per hour respectively) using the 3.7% inflation rate. Fees App. at 7. However, the special masters currently favor using the producer price index for the office of lawyers ("PPI-OL"). The PPI-OL calculation, however, results in the same or lower hourly rates, so, there is no reason to adjust Mr. Rodriguez's 2011 and 2013-2014 rates. The PPI-OL rate for 2014 was derived by dividing Mr. Rodriquez's 2015 rate ($361), by the PPI-OL index for January 2014 (192.7) divided by the PPI-OL index for January 2013 (185.8). After rounding to the nearest dollar, the hourly rate for 2014 came to $348. The rates for 2011 and 2013 were calculated in the same manner.

consistent with *McCulloch* and will be awarded. *McCulloch*, 2015 WL 5634323, at *21.

As the billing records reveal, counsel first received this matter in September of 2011 – two years prior to the filing of the petition. Ex. 79 at 3 (ECF No. 57-2). My overall sense from review of the relevant records is that the amount of time spent on the case was reasonable, especially in light of its four-year life span. Thus, I will award Petitioner's requested hours in full.

III.     Litigation Costs

Petitioner also requests $28,590.38 in litigation costs (representing $26,435.00 for expert expenses and $2,155.38 for medical records requests, the filing fee, and copying and mailing charges) incurred by his lawyer's two firms, RawlsMcNelis and Sands Anderson. Ex. 78 at 1-4 (ECF No. 57-1); Ex. 83 at 1 (ECF No. 57-6). Specifically, the expert fees amount to $15,125.00 for Dr. Steinman, billed at $500 per hour for 30.25 hours of work; and $11,310.00 for Dr. Rizzo, billed at $650 per hour for 17.4 hours of work. Ex. 78 at 6-14 (ECF No. 59).

I find the amount requested for Dr. Steinman to be reasonable for the amount of work expended on this matter, as well as his rate (which is consistent with my previous determinations and the decisions of other special masters). *See, e.g.*, *Auch v. Sec'y of Health & Human Servs.*, No. 12-673V, 2017 WL 1718783, at *4 (Fed. Cl. Spec. Mstr. Apr. 5, 2017); *Rosof v. Sec'y of Health & Human Servs.*, No. 14-766V, 2017 WL 1649802, at *4 (Fed. Cl. Spec. Mstr. Mar. 31, 2017); *Brown v. Sec'y of Health & Human Servs.*, No. 09-426V, 2012 WL 952268, at *10-11 (Fed. Cl. Spec. Mstr. Feb. 29, 2012).

However, I will make one adjustment to Dr. Rizzo's requested rate. $650 per hour is well over the top end of what experts typically receive in the Program. *See Rosof*, 2017 WL 1648802, at *4 (noting that awarding $500 per hour for an expert in the Program is rare). When determining a reasonable hourly rate, an expert's professional qualifications and experience testifying in the program can be considered. *Wilcox v. Sec'y of Helath & Human Servs.*, No. 90-991V, 1997 WL 101572, at *4 (Fed. Cl. Spec. Mstr. Feb. 14, 1997); *see also Simon v. Sec'y of Health & Human Servs.*, No. 05-941V, 2008 WL 6238333, at *7 (Fed. Cl. Spec. Mstr Feb. 21, 2008) (expert deserved a higher hourly rate based on his past experience in the Program, as it made him more efficient in reviewing the case).

Based on my experience awarding expert fees in the Program and the usual rates awarded to experts who do not frequently appear in the Program, I find that Dr. Rizzo should receive a lower hourly rate, as this appears to be his first time participating in a Vaccine case. While it does appear from Dr. Rizzo's CV that he is an accomplished neuro-ophthalmologist, I have found no cases in which Dr. Rizzo's rate has been discussed, and Petitioner has not substantiated in his Fees

Application why $650 per hour is justified. Thus, I find that a rate of $400 per hour is more appropriate, and I will compensate Petitioner for $6,960.00 (representing a reduction of $4,350.00 in expert costs).

Finally, Petitioner requests $505.75 in personal costs that she separately incurred in connection with this litigation. Ex. 80 (ECF No. 57-3). I find this amount to be reasonable and will also award it in full.

## CONCLUSION

Accordingly, and in the discretion afforded to me, I hereby **GRANT IN PART** Petitioner's motion for attorney's fees and costs. An award of **$85,398.38** (representing $61,158.00 in attorney's fees plus $24,240.38 in costs) should be made in the form of a check payable jointly to Petitioner and Petitioner's counsel, Ramon Rodriguez, Esq. I separately award the amount of $505.75 to Todd Chynoweth for reimbursement of his personal costs associated with this matter. Payment of this amount represents all attorney's fees and costs available under 42 U.S.C. § 300aa-15(e).

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of this decision.[6]

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Special Master

---

[6] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.